THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY v. B. EDMOND DAVID.

Submitted July 6, 1911—Decided March 4, 1912.

A sent a quantity of raw silk to B to be "thrown." After the silk was thus treated by B, he delivered it to a common carrier to be shipped to the domicile of A, but took the bill of lading in his own name. The common carrier without authority from B delivered the silk to A. Subsequently, a dispute having arisen between A and B as to the compensation B was entitled to receive for his service, and the parties not being able to agree, B demanded from the common carrier the whole amount which he claimed he was entitled to receive from A. The common carrier paid this amount, and then sought to recover it from A by suit. *Held,* that the limit of the carrier's recovery was the amount actually due from A to B.

On error to Passaic Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and VOORHEES.

For the plaintiff in error, *Maximilian M. Stallman.*

For the defendant in error, *McDermott & Enright; Frederick Wiener* (of the New York bar), on the brief.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This action was brought to recover the sum of $323.41 on the following state of facts: The defendant had sent a large quantity of raw silk to the Dulton Silk Throwing Company, at Duryea, Pennsylvania, to have it "thrown." The silk throwing company, on July 26th, 1909, and after the silk had been treated, delivered it to the railroad company for transportation to Paterson, and directed the company to notify the defendant, whose factory was located in that city, of its shipment. The railroad company issued a bill of lading for the silk and delivered it to the silk

throwing company, and, afterward, and while the silk throwing company still retained possession of the bill of lading, delivered the silk to the defendant. Some little time after such delivery a dispute arose between the defendant and the silk throwing company as to the amount of the latter's claim against the defendant for the work which had been done upon the silk. The silk throwing company claimed that it was entitled to be paid the sum of $1,069.25 for the work done on the raw material. The defendant claimed that he owed only $745.84 for such work, and he paid this latter amount by his check, declaring in a letter which accompanied it that the amount for which it was drawn was in full settlement of the throwing company's account. The throwing company received the check, deposited it in the bank, and collected the money on it. It then made a claim upon the railroad company for the balance of its bill against the defendant, viz., $323.41, and the railroad company paid it. The defendant having refused to recognize any obligation to make good to the plaintiff this payment made by it to the silk throwing company, the present suit was brought. It went to trial before the Circuit Court without a jury, and resulted in a finding by the court in favor of the defendant.

We think this finding was right. The silk, which was the subject of the consignment, was the property of the defendant. If it be assumed that the silk throwing company had a lien upon it for the work done by it, and was, therefore, entitled to retain possession of it until its claim was satisfied, that was the extent of its right, and its lien ceased when the silk passed into the possession of the defendant. Its lien, if it existed, would only have been for the true amount which it was entitled to receive from the defendant for the work done; and even if it had retained possession of the silk the lien would have been discharged, and the right of possession of the defendant fully established, by the payment of that amount when ascertained. The right of the railroad company as against the defendant could rise no higher than that of the silk throwing company. It could not establish a right against the defendant by paying the full amount of the throwing company's

claim, unless that claim was a valid one. In other words, the defendant was under no obligation to pay either the throwing company or the plaintiff anything more than the full amount of the sum which he owed for the work done by the throwing company upon his silk. It follows, therefore, that, in order to enable the plaintiff to maintain this action, it was incumbent upon it to prove that the money which it had paid to the throwing company was due and owing by the defendant to that company. No attempt was made to establish this fact by any proof in the case, and the finding in favor of the defendant was therefore entirely justified.

The judgment under review will be affirmed.